UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Eileen C. Marston,<br>                Debtor. | Bankruptcy No. 08 B 19927<br>Adversary No. 08 A 00816<br>Chapter 7<br>Judge Manuel Barbosa |
| Joseph R. Voiland,<br>Chapter 7 Trustee,<br>                Plaintiff(s),<br>v.<br>Greg L. Marston,<br>                Defendant(s). | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion to dismiss filed by defendant Greg L. Marson ("Defendant"), pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), on December 9, 2008. On October 7, 2008, plaintiff Joseph R. Voiland ("Trustee"), as Chapter 7 trustee, filed an adversary complaint, pursuant to 11 U.S.C. § 544, to recover $89,000 in credit card debt from Defendant, who is debtor Eileen C. Marston's non-filing husband, for debt incurred by debtor Eileen C. Marston ("Debtor") for expenses of their family and education of their minor children, pursuant to 750 Ill. Comp. Stat. 65/15 ("Illinois Family Expense Act"). For the reasons set forth herein, the Court grants Defendant's motion to dismiss.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(4), (6). It is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(H) (2006).

## FACTS AND BACKGROUND

Debtor Eileen C. Marston ("Debtor") filed a voluntary Chapter 7 bankruptcy petition on July 31, 2008. On October 7, 2008, Trustee filed an adversary complaint, pursuant to 11 U.S.C. § 544, to recover $89,000 in credit card debt from Defendant, who is Debtor's non-debtor, third-party husband, for debt incurred by Debtor for expenses of their family, pursuant to the Illinois Family Expense Act, 750 Ill. Comp. Stat. 65/15. Trustee asserts that Debtor seeks to discharge this credit card debt that Debtor incurred during the course of Debtor's marriage to Defendant for expenses of their family and education of their minor children. Furthermore, Trustee states that the Illinois Family Expense Act provides that family expenses shall be chargeable upon husband and wife's property in favor of creditors, and, thus, they may be sued jointly or separately. Therefore, Trustee, in the shoes of Debtor's creditors pursuant to § 544, seeks to recover from Defendant all obligations, including the $89,000 credit card debt incurred by Debtor for family expenses under the Illinois Family Expense Act.

On December 9, 2008, Defendant, pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b)(6), filed a motion to dismiss Trustee's adversary complaint. Defendant asserts that § 544(a)(1) does not give Trustee all of the rights and powers of all Debtor's creditors, but, rather, it grants Trustee only the rights of a hypothetical creditor "that extends credit to the debtor at the time of the commencement of the case and that obtains . . . a judicial lien[,]" 11 U.S.C. § 544(a)(1). Furthermore, Defendant argues that § 544 limits Trustee to avoidance powers. Therefore, Defendant states that Trustee does not have power under the Bankruptcy Code to assert this third-party claim, and, thus, the Court should dismiss the complaint for failure to state a cause of action upon which relief may be granted.

Trustee filed a reply on February 4, 2009. Trustee reasserts his argument that he may

bring third-party claims founded on the rights of Debtor's creditors, pursuant to 11 U.S.C. §§ 541(a)(3), 544(a)(1), 550(a). Trustee argues that the Illinois Family Expense Act, 750 Ill. Comp. Stat. 65/15(a), allows a creditor, or a trustee stepping into the shoes of a creditor, to sue either husband or wife for obligations that were incurred by a spouse on behalf of the spouse's family.

On February 19, 2009, Defendant filed his response to Trustee's reply to Defendant's motion to dismiss. Defendant asserts that the Illinois Family Expense Act was established to benefit the providers, such as a medical provider, of goods or services that qualify as "expenses of the family," rather than a trustee in bankruptcy. In addition, Defendant argues that Trustee's third party claim is a direct claim of an entity that is a provider of a "family expense" against the spouse, which is outside the realm of Trustee's power and rights under 11 U.S.C. § 544, rather than an avoidance of a judicial lien from a hypothetical creditor, pursuant to § 544(a)(1). Defendant further states that the relief requested by Trustee would improperly allow double recovery since the rights and powers of the Illinois Family Expense Act belong solely to each provider. In addition, Defendant states that the present case does not concern Debtor's property under 11 U.S.C. § 541, but, instead, concerns the rights of creditor claimants for "family expenses" against the spouse of a debtor for such claims. Thus, Defendant asserts that the Bankruptcy Code does not give Trustee either Bankruptcy Code or state court remedies to pursue the spouse for family expenses.

## DISCUSSION

The issue before the Court is whether Trustee, standing in the shoes of Debtor's creditors, pursuant to 11 U.S.C. §§ 541, 544(a)(1), 550, may recover $89,000 in credit card debt from Defendant, who is Debtor's non-filing husband, for debt incurred by Debtor for expenses of their family and education of their minor children, pursuant to 750 Ill. Comp. Stat. 65/15, the Illinois

Family Expense Act.

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, tests the sufficiency of the complaint, rather than the merits of the case. In re Irmen, 379 B.R. 299, 307 (Bankr. N.D. Ill. 2007) (citing Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990)). Under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995); In re Irmen, 379 B.R. at 307.

The Seventh Circuit addressed the Supreme Court's Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) opinion on Fed. R. Civ. P. 12(b)(6) as establishing "two easy-to-clear hurdles" for a complaint in federal court: First, pursuant to Fed. R. Civ. P. 8(a)(2) made applicable by Fed. R. Bankr. P. 7008, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)); In re Irmen, 379 B.R. at 307-08. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level;" if they do not, the plaintiff pleads itself out of court. Tamayo, 526 F.3d at 1084 (citing Concentra Health Servs., Inc., 496 F.3d at 776).

**11 U.S.C. § 541**

Section 541 of the Bankruptcy Code, which creates the bankruptcy estate, offers an expansive definition of property comprising the estate: Whatever "legal and equitable interests" the debtor had in property as of the filing of the bankruptcy petition is property of the bankruptcy estate. Koch Refining v. Farmers Union Central Exchange, Inc., 831 F.2d 1339, 1343 (7th Cir. 1987) (citing 11 U.S.C. § 541). While the debtor's interest in property is determined by

nonbankruptcy law, the determination of what constitutes section 541 property is a federal question. Ibid. (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 82-83 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787). Once the bankruptcy petition has been filed, however, property rights belonging to a debtor under state law become assets of the estate. Id. (citing Butner v. United States, 440 U.S. 48, 54, 99 S. Ct. 914, 917, 59 L. Ed. 2d 136 (1979); In re Kaiser, 791 F.2d 73, 74 (7th Cir.1986), cert. denied, 107 S. Ct. 655, 93 L. Ed. 2d 710 (1986)). Thus, under 11 U.S.C. § 541, the trustee of a bankrupt debtor may bring any cause of action that the debtor could have brought under state law as of the commencement of the case. Stanziale v. McGladrey & Pullen, LLP (In re Student Finance Corp.), 334 B.R. 776, 778 (D. Del. 2005) (citing Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 169 n.5 (3d Cir. 2002)). The parties do not dispute that Illinois law applies.

Courts typically apply section 541 broadly to include property fraudulently or improperly transferred by the debtor before bankruptcy. Id. (citing Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 221, 61 S. Ct. 904, 908, 85 L. Ed. 1293 (1941); Carlton v. BAWW, Inc., 751 F.2d 781, 785 (5th Cir. 1985); In re MortgageAmerica Corp., 714 F.2d 1266, 1275 (5th Cir. 1983); In re Mishkin, 58 B.R. 880, 882 (Bankr. S.D.N.Y. 1986)). In this case, Trustee does not contend that the property was fraudulently or improperly transferred by Debtor before bankruptcy. Instead, Trustee states that he brought his claims on behalf of Debtor's creditors against Defendant. Thus, the Court concludes that Trustee does not have standing under § 541 to pursue Defendant.

## 11 U.S.C. § 544

The trustee represents not only the rights of the debtor but also the interests of creditors

of the debtor. Koch Refining, 831 F.2d at 1342. Section 544(a), the "strong arm clause," vests a trustee with the rights of a hypothetical lien creditor whose lien was perfected at the time the bankruptcy petition was filed. JSI Liquidating, Inc. v. Heller Financial Leasing, Inc. (In re JII Liquidating, Inc.), 341 B.R. 256, 273 (Bankr. N.D. Ill. 2006) (citing In re Wheaton Oaks Office Partners Ltd. P'ship, 27 F.3d 1234, 1244 (7th Cir.1994); In re Billingsley, 290 B.R. 345, 347 (Bankr. C.D. Ill. 2002); Direct Air, Inc. v. Fairchild Aircraft, Inc. (In re Direct Air, Inc.), 189 B.R. 444, 450 (Bankr. N.D. Ill. 1995)); see also Johnson v. First Nat'l Bank of Joliet (In re Johnson), 28 B.R. 292, 295 (Bankr. N.D. Ill. 1983). The statute provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1).

The purpose of § 544(a) is to allow the trustee to marshal or increase the potential assets of the debtor's estate. JSI Liquidating, Inc. v. Heller Financial Leasing, Inc. (In re JII Liquidating, Inc.), 341 B.R. 256, 273–74 (Bankr. N.D. Ill. 2006) (citations omitted). This purpose is accomplished by giving the trustee the power to avoid those transfers voidable by a judicial lien creditor. Id. at 274. "As a . . . hypothetical lien creditor, the [t]rustee is deemed to have a lien on all lienable property of the debtor[.]" Id. (quoting Billingsley, 290 B.R. at 347). "[T]he [t]rustee's hypothetical lien is inferior to any existing perfected lien at the time the petition is filed, but it is superior to any unperfected lien." Id.

Pursuant to 11 U.S.C. § 544, the trustee, in its capacity as a creditor, may bring suit to

reach property that belongs to the estate that will then be distributed to all creditors. Koch Refining, 831 F.2d at 1342. "[H]istorically one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among creditors of a bankrupt's assets; to protect the creditors from one another." Id. at 1343 (quoting Young v. Higbee Co., 324 U.S. 204, 210, 65 S. Ct. 594, 597, 89 L. Ed. 890 (1945)).

Whether the trustee is representing the estate or "standing in the shoes" of the creditors, he has the duty to marshal the debtor's property for the benefit of the estate, and thus the right to sue parties for recovery of all property available under state law. Id.; see also JSI Liquidating, Inc., 341 B.R. 274 (stating that courts use state law to determine interests in property and the perfection of liens therein). The trustee then distributes the amounts collected on a pro rata basis to all creditors in accord with the bankruptcy provisions and theme of "equality of distribution." Koch Refining, 831 F.2d at 1343 (quoting Sampsell, 313 U.S. at 219). As noted supra, the law of Illinois is controlling in the matter at bar.

When a third party has injured not the bankrupt debtor, but a creditor of that debtor, the trustee in bankruptcy cannot bring suit against the third party. Steinberg v. Buczynski, 40 F.3d 890, 893 (7th Cir. 1994). The claim in such a case is said to be "personal," not "general." Id. (citing Koch Refining, 831 F.2d at 1348; Lumpkin v. Envirodyne Indus., Inc., 933 F.2d 449, 463 (7th Cir. 1991)). The trustee is confined to enforcing entitlements of the debtor. Id. The trustee has no right to enforce entitlements of a creditor. Id. The trustee represents the unsecured creditors of the debtor; and, in that sense, when the trustee sues on behalf of the debtor, the trustee is really suing on behalf of the creditors of the debtor. Id. There is a difference between a creditor's interest in the claims of the debtor against a third party, which are enforced by the trustee, and the creditor's own direct claim against the third party, which only the creditor

himself can enforce. Id.; see also Fisher v. Apostolou, 155 F.3d 876, 879 (7th Cir. 1998).

Nothing in the Bankruptcy Code indicates that the trustee has a duty to prosecute the third-party claims of creditors in addition to those of the estate. Alberts v. Tuft (In re Greater Southeast Cmty. Hosp. Corp.), 333 B.R. 506, 519 (Bankr. D. Dist. Col. 2005); see also Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 92 S. Ct. 1678, 32 L. Ed. 2d 195 (1972). Moreover, section 544(a)

> vests the trustee with the ability of a judgment lien creditor to attach or seize both tangible and intangible property transferred by the debtor to a third party prior to filing for bankruptcy, but it does not transform the trustee into a "super creditor" with the ability to raise causes of action separate from those possessed by the estate.

Alberts, 333 B.R. at 520 (citations omitted). In addition, a suit by the trustee on behalf of creditors "may be inconsistent with any independent actions that [creditors] may bring themselves." Id. (citing Caplin, 406 U.S. at 431-32).

For these reasons, the Court can find no support for the contention that sections 541 or 544 provide Trustee with standing to recover $89,000 in credit card debt from Defendant, who is Debtor's non-filing husband, for debt incurred by Debtor for expenses of their family and education of their minor children, pursuant to 750 Ill. Comp. Stat. 65/15, the Illinois Family Expense Act.

## 750 Ill. Comp. Stat. 65/15

In 1879, an Iowa court acknowledged that obtaining items considered family expenses on credit is expenditure for the family and, thus, falls within the family expense statute. N. Shore Cmty. Bank & Trust Co. v. Kollar, 710 N.E.2d 106, 111 (Ill. App. Ct. 1999) (citing Davis v. Ritchey, 8 N.W. 669, 670 (Iowa 1889); see also Hyman v Harding, 44 N.E. 754 (Ill. 1896) (noting that Illinois family expense act taken from Iowa statute). In 1999, Illinois courts noted

that credit card debt may be a family expense for purposes of the Illinois Family Expense Act, depending on the nature of those debts. Kollar, 710 N.E.2d at 111 (citing Doe v. TCF Bank Illinois, FSB, 707 N.E.2d 220 (Ill. App. Ct. 1999). Since Trustee does not have standing to bring this third-party claim, the Court need not address the validity of whether credit card debt may be a family expense under the Illinois Family Expense Act, 750 Ill. Comp. Stat. 65/15.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss. The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: July 16, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge